UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY CRAIG,

        Petitioner,

v.

CARMEN PALMER,

        Respondent.

Case No. 2:11-cv-12343

HONORABLE MARIANNE O. BATTANI

_____/

## OPINION AND ORDER SUMMARILY DISMISSING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jeremy Craig is a prisoner in the custody of the Michigan Department of Corrections.   This matter comes before the Court on a Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254.  Upon review, the Court concludes that it does not have jurisdiction over the Petition because the Petition seeks an advisory opinion.  The Petition, therefore, will be summarily dismissed.

The Petitioner was convicted of one count of Criminal Sexual Conduct in the Second Degree (CSC) in Wayne County Circuit Court on March 11, 2010, following a guilty plea. He was sentenced in April 2010 to a sentence of 8 to 15 years imprisonment.  Petitioner applied for leave to appeal with the Michigan Court of Appeals, which was denied on April 19, 2011, in docket number 302706.  The Petitioner has not yet filed an application for leave to appeal with the Michigan Supreme Court because he has a pending motion for reconsideration with the Michigan Court of Appeals.

The Petition does not challenge the constitutionality of Petitioner's conviction and sentence for CSC.  Instead, the Petitioner states that he filed an application for pardon or commutation of his sentence with the Governor of the State of Michigan, which was denied

on March 15, 2011.  In a letter sent to the Petitioner, the Governor's deputy legal counsel advised that the Governor's denial of commutation or pardon was based on the recommendation of the Michigan Parole and Commutation Board.

The Petition then presents the following "federal question":

Does the federal court have jurisdiction to review de novo an application for commutation of sentence which was denied by the office of the Governor of the State of Michigan, Rick Snyder on the grounds only recommendation of the Michigan Parole Board [sic] who simply stated that the application lacked merit and did not provide any other grounds for said denial contrary to the petitioner['s] constitutional rights to a fair hearing[] and executive clemency process an[d] in accordance with the 14th Amendment of the Constitution of the United States?

In his prayer for relief, Petitioner asks the Court to find that the Court has jurisdiction over the decision being challenged by the Petitioner, to order the Respondent to file a responsive pleading to answer the question presented, and to grant any further relief the Court deems necessary and appropriate.

ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a district court to promptly examine a newly filed habeas petition.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the petition must be dismissed.  The Court has reviewed the Petition and finds that it is subject to dismissal under Rule 4 because it plainly appears on the face of the Petition that the Court does not have jurisdiction to provide the relief requested in the Petition.

The Petition does not challenge Petitioner's conviction and sentence for CSC.  Nor could the Petitioner file a petition challenging his state conviction at this time because he is in the process of exhausting his state court remedies with regard to his conviction and sentence.  Rather, the Petition asserts that the Governor of the State of Michigan denied

the Petitioner's application for pardon or commutation of his sentence, based on the recommendation of the Michigan Parole and Commutation Board. The Petitioner seeks to have the Court tell him whether it has jurisdiction to review his application. He also asks the Court to tell him whether he is entitled to a fair hearing process, whether he is entitled to know what documents, information, notes, letters, statements, or other factors were used in the recommendations, and why there was no hearing held before the final determination was made to reject his application for pardon or commutation.

Federal courts have no authority to give opinions upon abstract principles or declare principles or rules of law. North Carolina v. Rice, 404 U.S. 244, 246 (1971). Article III of the United States Constitution empowers federal courts to hear only cases and controversies. Aetna Life Ins. Co. of Hartford v. Haworth, 300 U.S. 227, 239 (1937).

> To be cognizable in federal court, a suit 'must be definite and concrete, touching the legal relations of parties having adverse legal interests . . .. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character as distinguished from an opinion advising what the law would be on a hypothetical state of facts.'

Rice, 404 U.S. at 246 (quoting Aetna Life, 300 U.S. at 240-41). The case and controversy requirement prohibits federal courts from issuing advisory opinions. Fialka-Feldman v. Oakland University Bd. of Trustees, 639 F.3d 711, 715 (6th Cir. 2011).

A federal court should liberally, and in some cases actively, construe a *pro se* habeas petition to encompass any allegation stating federal relief. Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985). The Court, however, finds that the Petition cannot be construed to state a claim for relief over which this Court has jurisdiction. The Petition does not challenge the Petitioner's conviction or sentence and does not seek any form of concrete relief. Rather, it seeks legal advice of the Court. As the relief requested in the Petition is beyond the power of the Court to grant, the Court will dismiss the Petition for lack of jurisdiction.

CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires the district court to " issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n.4 (1983)). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that it lacks jurisdiction over the relief sought by the Petition. Therefore, the Court will deny a certificate of appealability.

ORDER

WHEREFORE, it is ORDERED that the Petition for Writ of Habeas Corpus is SUMMARILY DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   The Court declines to issue a certificate of appealability.


s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

Dated: July 14, 2011


CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, Jeremy Craig, via ordinary U.S. Mail to Michigan Reformatory, 1342 West Main St., Ionia, MI.  48846.

s/Bernadette M. Thebolt
Case Manager

5